# Case No. 953.

## BANK OF WASHINGTON v. PEIRSON et al.

[2 Cranch, C. C. 685.][1]

Circuit Court, District of Columbia. May Term, 1826.

PRINCIPAL AND AGENT—POWER OF AGENT TO INDORSE A NOTE— CONTINUING POWER — REVOCATION BY DEATH OF PRINCIPAL—EVIDENCE.

1. An authority to indorse notes need not be under seal. A power from R. B. to sign, in his behalf, any note for the renewal of notes, of which he was then the drawer or indorser, is a continuing power to indorse notes subsequently given. to renew notes indorsed by the attorney for his principal.

2. The existence of the original note indorsed by the principal, may be proved by parol, without producing it, it having been cancelled and given up to the maker.

3. If the principal authorize his agent to receive notices for him, the authority ceases with his death; a notice given to the agent aft-

[1] [Reported by Hon. William Cranch, Chief Judge.]

er the death of the principal, will not bind his executors.

[See Boone v. Clark, Case No. 1,641; Eagleton Manuf'g Co. v. West, etc., Manuf'g Co., 2 Fed. 774; Galt v. Galloway, 4 Pet. (29 U. S.) 344; Hunt v. Rousmaniere. Case No. 6,898; same case, on appeal, 8 Wheat. (21 U. S.) 201.]
[Compare Wylie v. Coxe, 15 How. (56 U. S.) 419.]

At law. Assumpsit [by the president and directors of the Bank of Washington] against [Joseph Peirson and R. Y. Brent] the executors of [R. Brent] the indorser of T. L. Washington's notes. The name of R. Brent, the defendant's testator, was writtten on the back of the notes by J. H. Reily; and to show his authority to indorse for Mr. Brent, the plaintiffs produced a written paper, not under seal, in the following words: "I hereby authorize and empower Mr. John Reily, of the Bank of Washington, to sign for me and in my behalf any note for the renewal of notes, in the said bank, of which I am the drawer or indorser. Given under my hand this 9th day of August, 1818. Rob. Brent. Witness: Robert Brent, William Brent."

Mr. Wallach, for plaintiffs.
Swann & Worthington, for defendants.

THE COURT (nem. con.) decided that it was not necessary that the power to indorse should be under seal; but that the paper might be read to the jury as part of the evidence to show the authority of Mr. Reily to indorse.

THE COURT also decided, (CRANCH, Chief Judge, contra,) that this was a continuing power to indorse notes subsequently given to renew notes indorsed by Mr. Reily in the name of Mr. Brent, to renew notes indorsed by Mr. Brent himself.

THE COURT also decided, (MORSELL, Circuit Judge, contra,) that parol evidence might be given of the existence of a note indorsed by Mr. Brent in the Bank of Washington, previous to the authority given to Mr. Reily; and that the present note was given to renew a note given to renew that note so indorsed by Mr. Brent himself; evidence having been given that the note with Mr. Brent's original indorsement had been canceled and given up to T. L. Washington, the maker, who was dead, and no administration was ever taken upon his estate; that he had no wife nor child; that his brother lived with him at the time of his death, but is also dead, and it did not appear who was in possession of Mr. T. L. Washington's papers; nor that the plaintiffs ever made any inquiry for that note, so as to produce it at the trial.

THE COURT also decided, (THRUSTON, Circuit Judge, contra,) as they had twice before decided, namely, once in this cause, a few days before, and once in another cause between the same parties, at December term, 1824, [Brent v. Bank of Washington, Case No. 1,834,] that notice, of non-payment, given

to Mr. Reily, after the death of Mr. Brent, did not excuse the bank for not giving notice at the late dwelling of the deceased, nor for not inquiring whether any administration had been taken upon his estate, &c. That the defendants, although they had not proved the will and obtained letters testamentary, at the time the notes fell due, yet, as they were executors, they were entitled to notice; and notice to Mr. Reily was not notice to them; they never having authorized him to receive notice for them.

Verdict for plaintiff, $1,001.75. Bills of exception were taken, but no writ of error.

[For another case growing out of substantially the same facts, see Case No. 11,155.]